IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | |
|---|---|
| **MATTHEW REED,** ) | |
| ) | |
| **Plaintiff,** ) | Civil Action |
| ) | |
| v. ) | No. **1:14-cv-03119-RWS-LTW** |
| ) | |
| **EQUIFAX INFORMATION** ) | |
| **SERVICES LLC, and HSBC** ) | |
| **MORTGAGE CORPORATION** ) | |
| **(USA),** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

### PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies all allegations contained in the unnumbered paragraphs and headings in the Complaint, and specifically denies any allegations in the Complaint that have not been otherwise specifically addressed herein, including any legal conclusions to which a response may be

required.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits that Plaintiff purports to bring this Complaint for actual and statutory damages for alleged violations of the Fair Credit Reporting Act ("FCRA"), but denies that it violated the FCRA and that Plaintiff is entitled to any relief from Equifax.

2. Equifax admits the allegations in Paragraph 2.

3. Equifax admits the allegations in Paragraph 3.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies those allegations.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies those allegations.

6. Equifax admits that it is a business entity that regularly conducts business in all fifty states. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and,

therefore, denies those allegations.

7. Equifax admits the allegations in Paragraph 7.

8. Equifax admits the allegations in Paragraph 8.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies those allegations.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies those allegations.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies those allegations.

12. Equifax denies the allegations in Paragraph 12.

13. Equifax denies the allegations in Paragraph 13.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies those allegations.

15. Equifax admits that it has issued credit reports regarding Plaintiff. Equifax denies the remaining allegations in Paragraph 15.

16. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies those allegations.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies those allegations.

18. Equifax denies the allegations in Paragraph 18.

19. Equifax denies the allegations in Paragraph 19.

20. Equifax denies the allegations in Paragraph 20.

21. Equifax admits that it received written communications from Plaintiff regarding information on his credit file in April 2013, May 2013, and July 2014. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and, therefore, denies those allegations.

22. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and, therefore, denies those allegations.

23. Equifax admits that it assigns a confirmation number to disputes received from consumers and did so with regard to Plaintiff's three disputes.

Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and, therefore, denies those allegations.

24. Equifax admits that it contacted HSBC within five days of receiving Plaintiff's disputes. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and, therefore, denies those allegations.

25. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies those allegations.

26. Equifax admits the allegations in Paragraph 26.

27. Equifax denies the allegations in Paragraph 27.

28. Equifax denies the allegations in Paragraph 28.

29. Equifax admits the allegations in Paragraph 29.

30. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies those allegations.

31. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies those

allegations.

32. Equifax admits that on July 24, 2014, it provided Plaintiff's consumer report to Mortgage Services. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and, therefore, denies those allegations.

33. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies those allegations.

34. Equifax denies the allegations in Paragraph 34.

35. Equifax denies the allegations in Paragraph 35, including all subparts.

36. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies those allegations.

37. Equifax denies the allegations in Paragraph 37.

38. Equifax denies the allegations in Paragraph 38, including all subparts.

39. Equifax denies the allegations in Paragraph 39.

40. Equifax reasserts and realleges its responses as set forth in Paragraphs 1-39 above.

41. Equifax is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 41, including all subparts, and, therefore, denies those allegations.

42. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies those allegations.

43. Equifax admits that Plaintiff demands a trial by jury, and likewise demands a trial by jury on all issues so triable.

44. Equifax denies that the Plaintiff is entitled to any relief claimed in the Prayer For Relief in his Complaint.

45. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint. Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Equifax upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by other persons or entities for whom or for which Equifax is not responsible.

## THIRD DEFENSE

At all times relevant herein, Equifax maintained reasonable procedures in its handling of Plaintiff's consumer credit file.

## FOURTH DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file, and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FIFTH DEFENSE

Plaintiff has not sustained any damages.

## SIXTH DEFENSE

Plaintiff's claim for punitive and statutory damages is barred or limited by the provisions of 15 U.S.C. §1681n.

## SEVENTH DEFENSE

Plaintiff's Complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the

following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001) and *State Farm v. Campbell*, 538 U.S. 408 (2003).

## **EIGHTH DEFENSE**

Plaintiff cannot establish the standard of willfulness under the Fair Credit Reporting Act as articulated by the Supreme Court in *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1)   Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)   it have a jury trial on all issues so triable;

(3)   it be dismissed as a party to this action;

(4)   it recover from Plaintiff its expenses of litigation, including but not limited to attorneys' fees; and

(5)   it recover such other and additional relief, as the Court deems just and appropriate.

Respectfully submitted this 12th day of November, 2014.

KING & SPALDING LLP

By: /s  *K. Ann Broussard*
Phyllis B. Sumner (Ga. Bar. No. 692166)
Lewis P. Perling (Ga. Bar No. 572379)
K. Ann Broussard (Ga. Bar No. 100142)
1180 Peachtree Street N.E.
Atlanta, Georgia  30309-3521
Tel:  (404) 572-4600
Fax:  (404) 572-5100
Email:  psumner@kslaw.com
           lperling@kslaw.com
           abroussard@kslaw.com

*Attorney for Equifax Information Services LLC*

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that 14 point New Times Roman was used for this pleading and that it has been formatted in compliance with Local Rule 5.4.

This 12th day of November, 2014.

                                      /s/  *K. Ann Broussard*
                                      K. Ann Broussard

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2014, I electronically filed DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECF system which will automatically send email notifications of such filing to the following attorneys of record:

Scott Fortas
Fortas Law Group, LLC
1936 N. Druid Hills Rd., Suite 100B
Atlanta, GA 30319

Alan D. Leeth
Burr & Forman, LLP-ATL
171 17th Street, NW
Suite 1100
Atlanta, GA 30363

/s/ *K. Ann Broussard*
K. Ann Broussard
Attorney for Equifax Information Services LLC