**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **MATTHEW REED,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **1:14-cv-03119-RWS-LTW** |
| **EQUIFAX INFORMATION SERVICES,** ) | |
| **LLC AND HSBC MORTGAGE** ) | |
| **CORPORATION (USA),** ) | |
| ) | |
| **Defendants.** ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1. Description of Case:**

(a) *Describe briefly the nature of this action.*

This is an action filed by Plaintiff alleging Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.

(b) *Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.*

**Plaintiff Matthew Reed's ("Plaintiff") Summary:**

Plaintiff alleges that Plaintiff had an account with Defendant, HSBC that was discharged in a bankruptcy proceeding on November 24, 2004. Plaintiff claims that had the account been reported accurately, HSBC's trade line would no longer appear on Plaintiff's credit file as such information is obsolete pursuant to 15 U.S.C. §1681c(a)(5). Defendants have been reporting the account beyond the

seven (7) year statutory period and are reporting that the account had a date of first delinquency of December of 2011, thus effectively re-aging the account and causing it to remain on Plaintiffs credit file beyond the statutory time for the reporting of such accounts.  In addition, Defendants reported that Plaintiff has missed scheduled payments throughout the year 2013.  Plaintiff disputed the account to Equifax on at least three (3) occasions and pointed out the inaccuracy of the reporting and provided evidence to reflect how the report was inaccurate. Upon information and belief, and in compliance with 15 U.S.C. §1681i(a)(2), Equifax notified HSBC of Plaintiff's dispute.  Plaintiff alleges that the parties failed at that time to conduct a reasonable investigation of Plaintiff's disputes, and continued to report the inaccurate information regarding the HSBC account on Plaintiff's credit file, thereby causing Plaintiff's damages.

**Defendant Equifax Information Services LLC's ("Equifax") Summary:**

Plaintiff alleges that Equifax inaccurately reported an HSBC account on his credit file.  Equifax is a consumer reporting agency, as that term is defined in the FCRA. Equifax maintains reasonable procedures designed to assure the maximum possible accuracy of the information it reports.  Upon information and belief, Equifax reported credit information with regard to the Plaintiff.  Equifax investigated Plaintiff's disputes as required by the FCRA, updated the information as appropriate, and timely reported the results of those reinvestigations to Plaintiff. Except as admitted in Equifax's Answer to Plaintiff's Complaint, Equifax denies each and every allegation of Plaintiff's Complaint as those allegations pertain to Equifax.  Even if Plaintiff has suffered any compensable damages, which Equifax denies, Equifax is not responsible for the injuries of which Plaintiff complains and is without fault concerning all claims and theories upon which Plaintiff relies. Equifax's investigation into the facts and circumstances of this case is ongoing, and, therefore, it cannot comment on all of the factual allegations at this time. Furthermore, because Plaintiff has named another defendant in this case, Equifax is not currently in possession of all the facts related to this case.  As a result, this statement is based on facts currently known to Equifax.  Equifax makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**Defendant HSBC Mortgage Corporation (USA)'s ("HSBC") Summary:**

Plaintiff alleges that defendant HSBC Mortgage Corporation (USA) ("HSBC") furnished inaccurate credit information regarding Plaintiff to co-defendant, Equifax Information Services, LLC ("Equifax"). HSBC denies that if violated the Fair Credit Reporting Act ("FCRA"), or any other law or obligation, in connection with the subject loan. HSBC states that throughout its servicing of Plaintiff's loan it has reported accurate information regarding Plaintiff's indebtedness to all consumer reporting agencies ("CRAs"). Moreover, in response to any dispute received with regard to the subject loan, HSBC conducted a reasonable investigation based upon the information provided by Plaintiff and responded to Equifax with accurate information and the results of its investigation. Accordingly, Defendant denies that it violated the FCRA, or any other law or obligation, in connection with Plaintiff and/or the subject loan, denies the allegations in Plaintiff's Complaint, denies that it is liable to Plaintiff in any amount and denies that Plaintiff is entitled to any of the relief sought in Plaintiff's Complaint.

(c) *The legal issues to be tried are as follows:*

> **(1)    Whether Plaintiff has established a claim against Defendants for negligent noncompliance with the FCRA.**
>
> **(2)    Whether Plaintiff has established a claim against Defendants for willful noncompliance with the FCRA.**
>
> **(3)    Whether any causal links exist between any of Defendants' alleged actions or inactions and Plaintiff's alleged damages.**
>
> **(4)    Whether Plaintiff is entitled to actual damages pursuant to the FCRA from Defendants.**

> **(5)    Whether Plaintiff is entitled to punitive damages pursuant to the FCRA from Defendants.**
>
> **(6)    Whether Plaintiff is entitled to statutory damages pursuant to the FCRA from Defendants.**
>
> **(7)    Whether Plaintiff is entitled to attorneys' fees pursuant to the FCRA.**

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

(2) Previously Adjudicated Related Cases:

**2**. This case is complex because it possesses one (1) or more of the features listed below (please check):

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex
\_\_\_\_\_ (4) Greater than normal volume of evidence
\_\_x\_\_ (5) Extended discovery period is needed
\_\_\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_\_ (7) Pending parallel investigations or action by government
\_\_\_\_\_ (8) Multiple use of experts
\_\_\_\_\_ (9) Need for discovery outside United States boundaries
\_\_\_\_\_ (10) Existence of highly technical issues and proof

### 3. Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

| | |
|---|---|
| **Plaintiff:** | David Marco (Admitted Pro Hac Vice)<br>SMITHMARCO, P.C.<br>205 North Michigan Avenue, Suite 2940<br>Chicago, IL 60601 |
| **Defendant Equifax:** | K. Ann Broussard<br>**KING & SPALDING LLP**<br>1180 Peachtree Street N.E.<br>Atlanta, Georgia 30309-3521 |
| **Defendant HSBC:** | Alan D. Leeth<br>**BURR & FORMAN LLP**<br>171 Seventeenth Street, NW, Suite 1100<br>Atlanta, Georgia 30363 |

### 4. Jurisdiction:

Is there any question regarding this court's jurisdiction?

____Yes  _X_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

### 5. Parties to This Action:

(a) The following persons are necessary parties who have not been joined: **None.**

(b) The following persons are improperly joined as parties: **None.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None.**

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

**None anticipated at this time.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**The parties will serve the initial disclosures in this action within 14 days after the filing of the parties' Joint Preliminary Report and Discovery Plan.**

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? **No.**

If so, please state the issues which could be addressed and the position of each party.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular

case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Plaintiff's allegations and damages and Defendants' defenses.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties anticipate that additional time beyond the four (4) month allotted time for discovery will be required as the parties anticipate that expert witnesses will need to be retained, disclosed and deposed in this matter. While four (4) months may be sufficient to complete fact discovery, the parties request an additional three (3) months to complete expert discovery.**

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a)  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

**None.**

(b)  Is any party seeking discovery of electronically stored information?

   **X**  Yes          ____ No

If "yes,"

(1)  The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

22321623 v1

**The parties agree that any information responsive to a discovery request that is determined to be reasonable, without undue burden to the parties, that is stored electronically shall be printed and produced as retained by the producing party in the ordinary course of business, subject to any claim of privilege.  For any such claim of privilege, the parties agree that the producing party shall provide a privilege log describing in detail the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing the information over which the claim of privilege or protection is asserted, will enable other parties to assess the claim.**

**The parties to do not presently anticipate the need to include metadata discovery in this matter.**

(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF) or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The parties will decide based on the volume of the production, but production via paper format or disk shall be acceptable.  The party seeking the discovery shall bear the cost of producing electronically stored information should the Court determine the cost to produce the information is an undue burden or cost to the producing party.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**
What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**The parties anticipate that a Protective Order will be required governing the disclosure of confidential documents produced during discovery.**

9

22321623 v1

**Electronic Service of Discovery:** **The parties agree that, pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers, including discovery requests, may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The parties further agree to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be either Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.**

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **December 1, 2014**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff:
    Lead counsel (signature): ____*s/ David Marco*_____
    Other participants:

For Equifax:
    Lead counsel (signature): ____*s/ K. Ann Broussard*_____
    Other participants:

For HSBC:
    Lead counsel (signature): ____*s/ Alan D. Leeth*_____
    Other participants:

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(__x__) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c) Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. **The proposed date of the next settlement conference is yet to be determined.**

(d) The following specific problems have created a hindrance to settlement of this case.

**None.**


**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20____.

(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this court.

11

| | |
|---|---|
| *s/*     *David Marco*                          | *s/*     *Alan D. Leeth*                           |
| David Marco (Admitted pro hac vice) | Alan D. Leeth |
| SMITHMARCO, P.C. | Georgia Bar No. 472031 |
| 205 North Michigan Ave., Suite 2940 | aleeth@burr.com |
| Chicago, IL 60601 | Amanda E. Wilson |
| Telephone:  (312) 546-6539 | Georgia Bar No. 165135 |
| Facsimile:   (888) 418-1277 | awilson@burr.com |
| dmarco@smithmarco.com | BURR & FORMAN, LLP |
| | 171 Seventeenth Street, NW, Suite 1100 |
| Scott Fortas | Atlanta, Georgia  30363 |
| Fortas Law Group, LLC | Telephone:  (404) 815-3000 |
| 1936 N. Druid Hills Rd., Suite 100B | Facsimile:  (404) 817-3244 |
| Atlanta GA 30319 | |
| Telephone:  (404) 315-9936 | Counsel for Defendant |
| Facsimile:   (404) 636-5418 | HSBC Mortgage Corporation (USA) |
| sfortas@fortaslaw.com | |
| | |
| Counsel for Plaintiff | |
| Matthew Reed | |
| | *s/*     *K. Ann Broussard*                   |
| | Phyllis B. Sumner |
| | Georgia Bar No. 692166 |
| | psumner@kslaw.com |
| | Lewis P. Perling |
| | Georgia Bar No. 572379 |
| | lperling@kslaw.com |
| | K. Ann Broussard |
| | Georgia Bar No. 100142 |
| | abroussard@kslaw.com |
| | KING & SPALDING LLP |
| | 1180 Peachtree N.E. |
| | Atlanta, GA  30309-3521 |
| | Telephone:  (404) 572-4600 |
| | Facsimile:  (404) 572-5100 |
| | Counsel for Defendant |
| | Equifax Information Services LLC |

12

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

_____

_____

_____

IT IS SO ORDERED, this _____ day of _____, 20____.

_____
JUDGE, U.S. DISTRICT COURT

22321623 v1